UNITED STATES OF AMERICA,
Plaintiff–Appellee,

v.

Neko Kimon DEFTERIOS
Defendant–Appellant.

No. 99–50511.
D.C. CR–98–00364–WMB.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 8, 2001.*

Decided March 6, 2001.

Before PREGERSON, CANBY, and DAVID R. THOMPSON, Circuit Judges.

MEMORANDUM **

Neko Kimon Defterios appeals the sentence imposed by the district court after he pleaded guilty to one count of making a false statement to a federally insured lending institution in violation of 18 U.S.C. § 1014. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

* The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Defterios challenges the district court's finding of the amount of loss. He contends the district court failed to rule on his objections to the probation officer's calculation of the amount of loss in the presentence report, as required by Federal Rule of Criminal Procedure 32(c). We disagree. The transcript of the sentencing hearing reflects that the district court understood, considered, and ruled upon Defterios's objections. *See United States v. Karterman,* 60 F.3d 576, 583 (9th Cir.1995) (finding Rule 32(c) to be satisfied when the district court's statements during the sentencing hearing and in written findings demonstrated that the court considered the defendant's objections and resolved the disputed facts against him). The district court's finding as to the amount of loss was not clearly erroneous.

 Defterios further contends the district court failed to consider his future ability to pay, as required by the Victim and Witness Protection Act, 18 U.S.C. § 3664(a),[1] when it imposed restitution. Because Defterios did not challenge his ability to pay restitution at the time of sentencing, it appears he waived his ability to challenge the restitution order on appeal. *See United States v. Haggard,* 41 F.3d 1320, 1325 (9th Cir.1994). In any event, however, we have considered Defterios's contention and have determined it lacks merit. To the extent the district court may have erred by failing explicitly to discuss on the record Defterios's future ability to pay restitution, any error was harmless. The presentence report contained sufficient information to support the district court's determination, and it is apparent from the record that the district court read and considered that report. *See United States v. Sablan,* 92 F.3d 865, 871 (9th Cir.1996) (record must reflect "that the district court had at its disposal information relating to the defendant's financial condition").

AFFIRMED.

---

1. Due to amendments effective April 24, 1996, the VWPA currently requires the court to impose "full" restitution without considering the defendant's economic circumstances. 18 U.S.C. § 3664(f)(1)(A) (1996). Because Defterios's conduct occurred prior to April 24, 1996, the amended statute does not apply. *United States v. Baggett,* 125 F.3d 1319, 1322 (9th Cir.1997) (discussing the ex post facto implications of this amendment).

